UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FULLER EXCAVATION AND SITEWORK, LLC, <br> Plaintiff, <br><br> v. <br><br> CISSELL MUELLER CONSTRUCTION, INC., <br> Defendant. | § § § § § § § § § | CIVIL ACTION NO. 5:21-cv-380 |

### DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Pursuant to 28 U.S.C. § 1446, Defendant CISSELL MUELLER CONSTRUCTION, INC. ("CMC" or "Defendant") files this Notice of Removal, respectfully showing the Court as follows:

### I. INTRODUCTION

1. CMC is the only named defendant in Cause No. 21-0517-CVE, *Fuller Excavation and Sitework, LLC v. Cissell Mueller Construction, Inc.*, which was filed on March 12, 2021, in the 25th Judicial District Court, Guadalupe County, Texas.[1]

2. CMC was served with process on March 22, 2021, and pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is being filed within thirty (30) days of such service. *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)(holding that the time for removal commences on formal service of process, "not by mere receipt of the complaint unattended by any formal service"); *see also Bd. of Regents of Univ. of Texas Sys. v. Nippon Tel. &*

---

[1] Although, as indicated on the state court Civil Citation, the state court case was filed in the 25th Judicial District Court in Guadalupe County, TX, some of the documents in the state court's file reference the 456th Judicial District Court, which is also in Guadalupe County. Either way, this removal is from a Texas state district court in Guadalupe County.

*Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007)(citing *Murphy Bros.* and other cases).

## II. GROUNDS FOR REMOVAL

3. Removal of this case is proper because, at all relevant times, there is and has been complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1446(c)(2); *Moss v. Princip*, 913 F.3d 508, 514 (5th Cir. 2019).

4. "'[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)(quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir.1968)).

5. For purposes of diversity jurisdiction, an individual is a citizen of the state in which he or she is domiciled, and a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1); *see also Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306 (2006)(quoting 28 U.S.C. § 1332(c)(1) regarding a corporation's citizenship); *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)(noting that, for an individual, state citizenship is ordinarily synonymous with domicile); *Schoenbauer v. Deutsche Bank Nat'l Tr. Co.*, No. 3:20-CV-1901-E-BH, 2021 WL 495881, at *2 (N.D. Tex. Jan. 26, 2021), *report and recommendation adopted*, No. 3:20-CV-1901-E-BH, 2021 WL 487740 (N.D. Tex. Feb. 10, 2021).

6. Further, for purposes of diversity, a limited liability company's citizenship is determined by the citizenship of all of its members. *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014)(citing *Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)).

7. The party asserting diversity jurisdiction must distinctly and affirmatively allege the citizenship of all the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). Moreover, "[w]hen removal is predicated on diversity of citizenship, the diversity must exist both at the time the original action is filed in state court and at the time removal is sought." *Aynesworth v. Beech Aircraft Corp.*, 604 F. Supp. 630, 633 (W.D. Tex. 1985). Consistent with these requirements, CMC distinctly and affirmatively states the following jurisdictional facts:

**(a)** Plaintiff Fuller is a Texas limited liability company ("LLC"), formed on February 18, 2015. At all relevant times (at the time that Fuller filed suit and at the time of removal), Fuller had, and has, two members—Lance Fuller and Morgan Fuller—and both were, and are, domiciled in San Antonio, Texas. Thus, Fuller was, and is, a citizen of Texas for diversity purposes. *Tewari De-Ox Sys., Inc.*, 757 F.3d at 483; *Harvey*, 542 F.3d at 1080. There are no other plaintiffs.

**(b)** At all relevant times (at the time that Fuller filed suit and at the time of removal), Defendant CMC was, and is, a corporation, incorporated in Missouri, with its principal place of business in St. Peters, Missouri. Therefore, CMC was, and is, deemed to be a citizen of Missouri for diversity purposes. *See* 28 U.S.C. § 1332(c)(1). There are no other defendants, and there are no local defendants.

8. Because, at the time suit was filed and at the time of removal, all members of Plaintiff Fuller were citizens of Texas, and the only Defendant CMC is deemed to be a citizen of Missouri, complete diversity exists. *See*, *e.g.*, *Aynesworth*, 604 F. Supp. at 633.

9. Further, the amount in controversy exceeds $75,000, exclusive of interest and costs, as evidenced by the fact that Fuller's Original Petition in state court alleges economic damages in

the amount of "$118,720.36, notwithstanding interest, fees, and costs associated therewith." *See* 28 U.S.C. § 1332(a); Plaintiff's Original Petition at ¶ 10 at 3 and at Prayer at 4. A certified copy of Plaintiff's Original Petition, together with copies of all other documents in the state court's file at the time of removal, are attached to this Notice of Removal as **Exhibit 2**.

10. Therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

### III. NO JURY DEMAND

11. To date, no jury demand has been made.

### IV. CONCLUSION

12. Based on the foregoing, Defendant CISSELL MUELLER CONSTRUCTION, INC. respectfully removes this suit from the 25th Judicial District Court, Guadalupe County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

LANGLEY & BANACK, INC.
745 East Mulberry, Suite 700
San Antonio, TX 78212-3166

By: */s/ William W. Sommers*
State Bar No. 18842600
SARA MURRAY
State Bar No. 14729400

**COUNSEL FOR DEFENDANT**
**CISSELL MUELLER CONSTRUCTION, INC.**

## CERTIFICATE OF SERVICE

The undersigned counsel of record hereby certifies that on April 13, 2021, true and correct copies of the foregoing Notice of Removal were served via the Court's electronic facilities, properly addressed to the following:

Stephanie L. O'Rourke
Alec T. Dudley
Cokinos | Young
10999 IH-10 West, Suite 800
San Antonio, TX 78230

**ATTORNEYS FOR PLAINTIFF**
**FULLER EXCAVATION AND SITEWORK, LLC**

*William W. Sommers*
**WILLIAM W. SOMMERS**

C:\Users\smurray\AppData\Local\Worldox\ZMS\004\24911\0002\L1931984.WPD